**William W. BUDROW; Celeste Leone Budrow, also known as Celeste C. Leone, Appellants,**

v.

**Edward L. MONTEDONICO, Trustee, Appellee.**

No. 00–6654.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

Before BOGGS, DAUGHTREY, and FARRIS,* Circuit Judges.

---

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by

*ORDER*

Debtors, William W. Budrow and Celeste Leone Budrow (the "Budrows"), appeal a district court order affirming the bankruptcy court's August 26, 1999 order, which reduced to writing the bankruptcy court's oral rulings at an August 17, 1999 hearing in this adversary proceeding in bankruptcy. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This appeal arises out of an adversary proceeding in which the Trustee sought to have certain trust properties made a part of the bankruptcy estate. He succeeded in that effort through November 4, 1998 orders which entered default judgments against the Budrows and other parties, for failure to respond to discovery.

The August 26, 1999 order denied motions to alter or amend the bankruptcy court's orders of November 4, 1998, denied motions to amend the answer and defenses filed on behalf of the AWCB Family Preservation Trust and the Chris Family Preservation Trust and granted the motion of Edward L. Montedonico, Trustee ("Trustee"), to strike the answer and defenses of the AWCB Family Preservation Trust to the Trustee's November 5, 1998 amended complaint. The bankruptcy court also noted in the August 26 order that a motion to withdraw a motion to appoint a guardian ad litem had been granted, and that a motion to extend time to file a motion to alter or amend the November 4, 1998 order had been denied. Finally, the bankruptcy court in that order denied the

designation.

Budrows' "Second Verified Motion For Judicial Notice Re: 5th Amendment Privilege Or In The Alternative Motion to Continue Hearing." The court also denied a general motion to continue the hearing. The district court affirmed the August 26, 1999 order in an order filed September 29, 2000. The Budrows' motion for a rehearing was denied in an order filed October 30, 2000. This appeal followed.

The Sixth Circuit independently reviews the bankruptcy court's decision. *Canadian Pac. Forest Prods. Ltd. v. J.D. Irving, Ltd. (In re The Gibson Group, Inc.)*, 66 F.3d 1436, 1440 (6th Cir.1995); *Ciba–Geigy Corp. v. Flo–Lizer, Inc. (In re Flo–Lizer, Inc.)*, 946 F.2d 1237, 1240 (6th Cir. 1991). This court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and reviews the bankruptcy court's conclusions of law under the de novo standard. *In re The Gibson Group, Inc.*, 66 F.3d at 1440; *Millers Cove Energy Co. v. Moore (In re Millers Cove Energy Co.)*, 62 F.3d 155, 157 (6th Cir. 1995); *In re Flo–Lizer, Inc.*, 946 F.2d at 1240. " 'A finding [of fact] is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

The Budrows do not raise their argument regarding the bankruptcy court's refusal to continue the August 17 hearing nor their argument regarding telephone participation in the August 17 hearing. Therefore, these arguments are deemed abandoned and will not be reviewed. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996).

This court also declines to review the Budrows' Fifth Amendment claim. The record reflects that the bankruptcy court ruled on the only issue before it at the August 17 hearing relating to the Budrows' Fifth Amendment rights. While the issue was not discussed at the hearing, it is included in the August 26 order. The Budrows included absolutely no discussion or argument concerning this issue in their appellate brief before the district court. The district court concluded that the Budrows abandoned or waived this issue. Issues that were not raised in the district court or the bankruptcy court are not reviewable on appeal. *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559 (6th Cir.1990). Therefore, we decline to review the Budrows' Fifth Amendment claim.

Finally, the remaining issues raised in the Budrows' brief on appeal to this court are not reviewable as these issues were not raised in the district court. *See White*, 899 F.2d at 559.

Accordingly, the district court's order affirming the bankruptcy court's August 26, 1999 decision is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.