William BUDROW; Celeste Leone Budrow, also known as Celeste Carmel Leone; WCB Family Preservation Trust, Celeste C. Leone, Trustee; The

AWCB Family Preservation Trust, Celeste C. Leone, Trustee; The Chris Family Preservation Trust, Celeste C. Leone, Trustee; William Christopher Beaudreau; and WCB Industries, Inc. Appellants,

v.

Edward L. MONTEDONICO, Trustee, Appellee.

No. 00–6656.

United States Court of Appeals, Sixth Circuit.

May 22, 2002.

Before MERRITT, SUHRHEINRICH, and GILMAN, Circuit Judges.

MERRITT, Circuit Judge.

In this bankruptcy case, appellants, the WCB Family Preservation Trust, AWCB Family Preservation Trust, and Chris Family Preservation Trust ("trusts"), and William C. Beaudreau and a firm he allegedly controls, WCB Industries ("Beaudreau/WCB"), appeal from the district court's decision affirming an order of the bankruptcy court. The question before us is whether the property claimed by the trusts and Beaudreau/WCB should be made part of the bankruptcy estate. We AFFIRM the district court's decision to include the property in the estate.

This case stems from a filing by William Budrow and Celeste Leone Budrow in December 1994 for bankruptcy in Memphis, where they sought chapter 7 discharge of debts. Appellee Edward Montedonico was appointed trustee for the bankrupt estate. Soon after their filing, it became apparent that the Budrows had misrepresented their financial situation, omitting numerous debts and assets. When pressed, they asserted that almost all their valuable assets were owned either by their son, William C. Beaudreau,[1] or by the trusts. Following a hearing, the bankruptcy court denied the Budrows a general discharge, finding in a February 23, 1996, memorandum opinion that they had "engaged in a knowing scheme to conceal their true income and assets from their creditors" and that the trusts were shams. J.A. at 215. The Trustee then commenced adversary proceedings to have the properties controlled by the Budrows but claimed by the trusts and by Beaudreau/WCB made part of the bankruptcy estate.

For almost two years, the Budrows, the trusts, and Beaudreau/WCB avoided responding satisfactorily to discovery. On September 17, 1998, the bankruptcy court ordered them to respond fully in 30 days or face default judgment as a sanction pursuant to Fed.R.Civ.P. 37. On October 16, 1998, the Budrows, the trusts, and Beaudreau/WCB filed incomplete and admittedly inadequate answers and responses. J.A. at 490, 497. Following this, the bankruptcy court entered a default judgment against them in an order dated November 4, 1998, which effectively made the contested properties part of the bankruptcy estate. J.A. at 512. The Budrows, the trusts, and Beaudreau/WCB then filed motions to alter or amend the default judgment order; the WCB Family Preservation Trust and the Chris Family Preservation Trust moved to amend their answers and defenses; and the AWCB Family Preservation Trust attempted to file answers and defenses, claiming it had inadvertently not done so before. In an August 17, 1999, hearing, the bankruptcy court denied all the motions to alter or amend its orders, denied the WCB Family Preservation Trust's and Chris Family Preservation Trust's motions to amend their answers and defenses, and granted the Trustee's motion to strike the AWCB Family Preservation Trust's new answers and defenses. The bankruptcy court's orders were reduced to writing in an August 26, 1999, order. The Budrows and the appellants here separately appealed that written order.

---

1. Despite the variant spelling, appellant William C. Beaudreau is the son of William and Celeste Budrow.

Their appeals are only a part of the Budrows' extensive litigation. In 1997, after the bankruptcy judge found against the Budrows, they sued him, the Trustee, and the Trustee's counsel in the Northern District of Mississippi, asserting fraud, abuse of process, and intentional infliction of emotional distress. That case was dismissed. *See Budrow v. Montedonico,* Case No. 2:97cv119–B–B (N.D.Miss.1997). In 1999, at the time the district court upheld the bankruptcy court's order, the Budrows sued the district judge and others in the Northern District of Mississippi. That case was also dismissed. *See Beaudreau v. Gibbons,* 2000 WL 863027 (D.Conn. March 30, 2000) (citing *Budrow v. Gibbons,* Case No. 2:99cv188 (N.D.Miss. 1999)). Also in 1999 the appellant here, William Beaudreau, apparently filed a complaint in the District of Connecticut listing 49 defendants, "including various United States Appellate Judges, United States District Judges, United States Magistrate Judges, United States Bankruptcy Judges, federal law clerks, federal court clerks, federal court staff. IRS agents, and various attorneys and law firms," accusing them of obstruction of justice. He sought equitable relief, asking the court to, among other things, find the bankruptcy judge "mentally incompetent." *Beaudreau,* 2000 WL 863027, at *1. His motion was denied. *See id.*

The Budrows' appeal in this case has since been denied by the district court and this Court. *See Budrow v. Montedonico,* 22 Fed.Appx. 362, 364 (6th Cir.2001). We now address the remaining parties' appeal.

In the instant case, we review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo. In re Baker & Getty Fin. Servs. Inc.,* 106 F.3d 1255, 1259 (6th Cir.1997). We will not disturb a bankruptcy court's findings of fact unless there is "the most cogent evidence of mistake of justice." *Id.* (citations omitted). When we consider an appeal of sanctions issued under Fed. R.Civ.P. 37, we apply an "abuse of discretion" standard of review and limit our determination to whether the findings of the trial court are fully supported by the record. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Pesaplastic, C.A. v. Cincinnati Milacron Co.,* 799 F.2d 1510, 1519 (6th Cir.1986).

Beaudreau/WCB and the trusts first argue, incorrectly, that they did not have notice or opportunity to be heard prior to the entry of the November 4, 1998, default judgment, as required by Bankruptcy Rule 7055(b)(2). The default judgment was entered only after appellants failed to comply with the bankruptcy court's order of September 17, 1998, which gave them 30 days to respond and warned them they faced a default judgment if they did not satisfactorily respond. The September 17 order was in turn preceded by a hearing held on September 15, 1998. Appellants had their hearing on that date, and were given more than adequate notice of the consequences they faced if they again obstructed the discovery process. Their appeal on this issue is without merit.

Appellants' other claims fare no better. They claim that, contrary to the bankruptcy court's finding, the responses they did provide to discovery following the September 1998 order were satisfactory. As both the bankruptcy court and the district court found, however, appellants merely assert they complied with the order—they provide no evidence to establish compliance. Indeed, at the time of default they admitted their responses were incomplete. J.A. at 490, 497. This is not enough to overcome a default judgment.

Finally, the Chris Family Preservation Trust and the WCB Family Preservation

Trust appeal the bankruptcy court's denial of their motions to alter or amend their answers and defenses, and the AWCB Family Preservation Trust appeals the bankruptcy court's grant of the Trustee's motion to strike its answers and defenses. The motions to alter or amend, and the additional answers and defenses, were filed on November 5, 1998, the day after default judgment was entered. The bankruptcy court was clearly justified in denying the late motions and in granting the Trustee's motion to strike.

Appellants have provided us no reason to disturb the decision of the district court. Its judgment is AFFIRMED.